**Gabriel BEER, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, DISTRICT DIRECTOR, Respondent.**

No. 95–1828.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 26, 1995.

Decided Oct. 10, 1995.

217

ing without authorization from the Immigration and Naturalization Service (INS). After a hearing, an immigration judge found Beer deportable under 8 U.S.C. § 1251(a)(1)(B)–(C)(i) (1994) and ordered his deportation to the Slovak Republic. The Board of Immigration Appeals (BIA) dismissed Beer's appeal and denied Beer's motion to remand the case to the immigration judge to allow Beer to apply for asylum.

Beer argues the immigration judge violated Beer's right to due process by failing to inform Beer during the deportation hearing that Beer had the right to apply for asylum. We disagree. Because Beer did not indicate to the immigration judge that Beer feared returning to the Slovak Republic, INS regulations did not require the immigration judge to inform Beer of his right to apply for asylum, and due process does not require more notice than the regulations provide. *See Jean v. Nelson*, 727 F.2d 957, 983 & n. 35 (11th Cir.1984) (en banc), *aff'd on other grounds*, 472 U.S. 846, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985); *Ramirez–Osorio v. INS*, 745 F.2d 937, 946–47 (5th Cir.1984); 8 C.F.R. § 242.17(c)(1)–(2)(i).

We also reject Beer's argument that the BIA should have remanded his case to allow Beer to apply for asylum. To obtain a remand, Beer was required to make a prima facie showing that he was eligible for asylum, and the BIA did not abuse its discretion in concluding Beer failed to make the required showing. *See Minwalla v. INS*, 706 F.2d 831, 834 (8th Cir.1983). Although Beer claims he will face religious persecution if he returns to the Slovak Republic, Beer did not present the BIA with any evidence showing Beer has a well-founded fear of religious persecution. *See id.* at 835.

We thus deny Beer's petition for review.

Joseph Lopez Wilson, Omaha, NE, for appellant.

Anthony W. Norwood, Washington, D.C., for appellee.

Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Gabriel Beer, a citizen of the Slovak Republic, entered the United States as a visitor but overstayed his visa and violated the conditions of his nonimmigrant status by work-